```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/16/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

   -against-

WILLIAM MATEO,

               Defendant.

No. 17 CR 305 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

On May 19, 2017, Defendant William Mateo ("Defendant") pled guilty to one count of Discharging a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). On September 7, 2017, this Court sentenced Defendant to 120 months' incarceration to be followed by five years' supervised release. On June 23, 2020, Defendant filed a motion for compassionate release (ECF No. 32), which the Government opposed (ECF No. 34), and Defendant replied to (ECF No. 35.) On July 17, 2020, the Court held a hearing on Defendant's compassionate release motion and found that Defendant did not demonstrate "extraordinary and compelling reasons" showing that Defendant is at high risk for contracting COVID-19 and that Defendant's danger to the community and the § 3553(a) factors outweigh warranting his release. Accordingly, the Court denied Defendant's motion.

On May 4, 2021, Defendant renewed his application for compassionate release (ECF No. 37), which he later supplemented on May 20, 2021 (ECF No. 38.) On May 27, 2021, the Government filed opposition. (ECF No. 39.) For the following reasons, Defendant's renewed application is DENIED.

## LEGAL STANDARD

18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify or reduce the terms of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the

defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). A court must find that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A)(i). A court must also consider the factors set forth in section 3553(a) to the extent that they are applicable. *Id.* § 3582(c)(1)(A).

In determining what constitutes "extraordinary and compelling reasons," a district court has "discretion" to consider "the full slate" of arguments that a defendant presents to support a sentence reduction. United States v. Brooker, 976 F.3d 228, 236-37 (2d Cir. 2020). "The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation ... alone shall not be considered an extraordinary and compelling reason.'" Id. at 238 (quoting 28 U.S.C. § 994(t)).

The Section 3582(c)(1)(A) analysis requires courts to "consider[] the factors set forth in section 3553(a) to the extent they are applicable." *United States v. Gentille*, No. 19 Cr. 590 (KPF), 2020 WL 1814158, at *4 (S.D.N.Y. Apr. 9, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). The factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; (3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found

guilty of similar conduct"; (4) the sentencing guidelines; and (5) "the need to provide restitution to any victims of the offense." *Ramos*, 2020 WL 1685812 at *2 (quoting 18 U.S.C. § 3553(a)).

## DISCUSION

### I.   EXTRAORDINARY AND COMPELLING REASONS

On July 17, 2020, the Court found no "extraordinary and compelling reasons" warranting a sentence reduction. In Defendant's renewed application he argues "extraordinary and compelling reasons" now exist due to a change in the law, due to Defendant's increased risk for contracting COVID-19, and due to the onerous conditions of Defendant's sentence. The Court disagrees.

In *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020), the Second Circuit clarified that district courts have broad discretion to define was constitutes "extraordinary and compelling reasons" and that district courts are not constrained to the Sentencing Guidelines' definition of "extraordinary and compelling reasons." Notwithstanding the Guidelines, the Court still fails to find that Defendant's circumstances are "extraordinary and compelling." Defendant indicates that he suffers from a variety of conditions which increase his risk for suffering severe complications from COVID-19. (ECF No. 38.) Defendant also argues that his risk of contracting COVID-19 at FCI Berlin is high, citing twenty cases at FCI Berlin at the time of his filing, previous outbreaks at FCI Berlin, a new COVID-19 variant, and increases in cases in New Hampshire. Although the Court is sympathetic to the risk Defendant's medical conditions may pose, Defendant is now fully vaccinated against COVID-19 and, as of May 26, 2021, there are no inmates at FCI Berlin with COVID-19. Likewise, although the Court acknowledges that COVID-19 has presented difficult prison conditions, the Court does not find that those conditions constitute "extraordinary and compelling" reasons warranting a reduction of Defendant's sentence.

### II.   18 U.S.C. § 3553(a) FACTORS

3

Even if Defendant demonstrated "extraordinary and compelling reasons," the § 3553(a) factors would nonetheless warrant denial of Defendant's motion. Specifically, Defendant pled guilty to a serious crime—armed robbery of a bank, during which Defendant shot at a bank teller. In light of the seriousness of the crime, the Court imposed a sentence of 120 months' imprisonment. Defendant has served approximately 54 months, or less than half of his 120-month sentence. Although the Court is sympathetic to the unique burdens COVID-19 has imposed on incarcerated individuals and recognizes that this was Defendant's first criminal conviction, it remains confident that the sentence imposed is necessary to reflect the seriousness of Defendant's offense, to promote respect for the law, and to provide just punishment.

## CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release is DENIED. The Clerk of Court is directed to terminate the motions at ECF Nos. 37 and 38.

Dated: June 16, 2021  
       White Plains, New York

SO ORDERED.

_____  
NELSON S. ROMÁN  
United States District Judge